■ FRANK HENSON, Appellant, v JOHN S. STEFUNEK et al., Defendants and Third-Party Plaintiffs-Respondents. EDWARD GORDINEER, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Putnam County (Dickinson, J.), entered November 13, 1985, as, upon a jury verdict in his favor, awarded him the principal sum of only $2,500.

Ordered, that the judgment is reversed insofar as appealed from, on the facts, and in the exercise of discretion with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the defendants third-party plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Putnam County, a written stipulation consenting to increase the amount of the verdict in favor of the plaintiff to $17,500, and to the entry of an amended judgment accordingly. In the event that the defendants third-party plaintiffs so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

As a result of having been in an automobile accident the 17-year-old plaintiff sustained, *inter alia,* an injury to his left knee, which, over the next eight months, caused him increasingly severe bouts of pain and disability. He then underwent a lengthy and "very painful" diagnostic procedure, an arthrogram, which confirmed that he had suffered a tear of the medial meniscus of the left leg, a finding conceded by the defendants. After a course of conservative treatment proved fruitless, the plaintiff underwent arthroscopic surgery, which resulted in complications and necessitated yet a second hospitalization.

While the evidence regarding the permanency of the injuries was conflicting, we conclude that in light of the pain and suffering endured by the plaintiff, the award was inadequate to the extent indicated. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.