■ CAROL MOGIL, Respondent, v STEVE GORGONE et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. RICHARD MOGIL, Third-Party Defendant-Respondent-Appellant. [639 NYS2d 484]

Contrary to the defendants third-party plaintiffs' contentions, the jury verdict apportioning liability was not against the weight of the evidence. The conflicting evidence presented a question of credibility which the jury resolved and the verdict was reached upon a fair interpretation of the evidence *(see, Campbell v Driscoll,* 190 AD2d 771; *Nicastro v Park,* 113 AD2d 129; *see also, Rice v Massalone,* 160 AD2d 861; *Sic v Moran,* 208 AD2d 607).

Further, it is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury *(see, Rodriguez v City of New York,* 191 AD2d 420; *Florsz v Ogruk,* 184 AD2d 546). An award is excessive or inadequate if it deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]). Considering the totality of the plaintiff's injuries and the period of disability accompanied by pain and suffering, we find that the jury verdict of $150,000 did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Orris v Orris,* 189 AD2d 866; *Stern v Calzado,* 163 AD2d 299).

However, we find that the judgment must be modified since the defendants third-party plaintiffs are not entitled to contribution from the third-party defendant until they have paid the plaintiff an amount in excess of their share of the judgment *(see,* CPLR 1402; *see also, Klinger v Dudley,* 41 NY2d 362, 369; *McCabe v Queensboro Farm Prods.,* 22 NY2d 204; *Adams v Lindsey,* 77 Misc 2d 824, 826). O'Brien, J. P., Santucci, Altman and Goldstein, JJ., concur.