■ Thomas J. Troiano, Respondent-Appellant, v Alfonso A. Ilaria et al., Appellants-Respondents. [647 NYS2d 963] —In an action, *inter alia,* to recover damages for fraud, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 21, 1995, as denied their cross motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied his motion for partial summary judgment against the defendant Alfonso A. Ilaria.

Ordered that the order is affirmed, without costs or disbursements.

Margaret Troiano, the plaintiff's wife, entered into a participation agreement with the defendants Frank Vecchiarelli and Neil Durazzo. The agreement provided that the participants would loan $400,000 to Court Towers Corp., which loan was secured by a second mortgage on real property in Ocala, Florida. The loan was for one year at 20% interest. Margaret contributed $50,000 of the loan for a 12.5% stake in the enterprise. The defendant Alfonso A. Ilaria was designated the nominee which required him, among other things, to prepare the necessary documents and to hold the interest payments in trust until distributing them to the participants according to their share in the agreement. Margaret Troiano subsequently assigned her interests in the participation agreement to the plaintiff. Ilaria was a disbarred attorney at all times relevant to this transaction. Based upon his practicing as an attorney without a license in connection with this transaction, he pleaded guilty to disorderly conduct.

Contrary to the defendants' contention, they have not proved as a matter of law that the participation agreement was a joint venture *(see, Mendelson v Feinman,* 143 AD2d 76). Questions of fact exist as to whether the parties intended to enter into a joint venture. Thus, the defendants were not entitled to summary judgment on the grounds that the plaintiff lacked standing because he was not a co-venturer.

There are also questions of fact as to whether the plaintiff's wife, in entering into this agreement, detrimentally relied on Ilaria's representation that he was an attorney *(see, Almap Holdings v Bank Leumi Trust Co.,* 196 AD2d 518). Thus, the plaintiff was not entitled to partial summary judgment against Ilaria. Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.