■ THOMAS J. TROIANO, Respondent, v ALFONSO A. ILARIA et al., Appellants. [650 NYS2d 1001] —In an action, *inter alia,* to recover damages for fraud, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated May 3, 1996, as denied their motion, upon renewal, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Margaret Troiano, the plaintiff's wife, entered into a participation agreement with defendants Frank Vecchiarelli and Neil Durazzo. The agreement provided that the participants would loan $400,000 to Court Towers Corp., which loan was secured by a second mortgage on real property in Ocala, Florida. Margaret Troiano contributed $50,000 of the loan for a 12.5% stake in the enterprise. Margaret Troiano subsequently assigned her interests in the participation agreement to the plaintiff.

This Court has already ruled that defendants were not entitled to summary judgment dismissing the complaint on the ground that the plaintiff lacked standing because he was not a coventurer. Questions of fact existed as to whether the participation agreement was a joint venture *(see, Troiano v Ilaria,* 231 AD2d 623).

Contrary to defendants' present contention, they are not entitled to summary judgment because the plaintiff failed in a deposition to identify the account from which Margaret Troi-

ano's share came. That information is irrelevant to the issue of whether there was a joint venture. The defendants' argument that the plaintiff's failure so impaired his credibility that the complaint ought to be dismissed as a matter of law is without merit. Credibility in this case is an issue for the factfinder to resolve *(see, Mogil v Gorgone,* 225 AD2d 674). Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.