■ MARIA RAMOS, Individually and as Guardian of MERCEDES RAMOS, et al., Appellants, v JULIO RAMOS, Defendant, and TALIN NAZAR, Respondent. [651 NYS2d 142] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (LeVine, J.), dated May 24, 1995, which, upon a jury verdict

failing to award them any damages for future pain and suffering, denied their motion to set aside the jury verdict, and (2) on the ground of inadequacy, from a judgment of the same court, dated August 29, 1995, which is in favor of the plaintiff Mercedes Ramos and against the defendant Talin Nazar in the principal sum of $20,000 for past pain and suffering and is in favor of the plaintiff Maria Ramos and against the defendant Talin Nazar in the principal sum of $10,000 for past pain and suffering.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by adding a provision thereto granting the plaintiff Maria Ramos a new trial as to future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial as to the plaintiff Maria Ramos's future pain and suffering, unless within 30 days after service upon the defendant Talin Nazar of a copy of this decision and order, with notice of entry, he shall serve and file in the Office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to award the plaintiff Maria Ramos $20,000 for future pain and suffering, and to the entry of an amended judgment accordingly. In the event that the defendant Talin Nazar so stipulates, then the judgment, as so increased and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Generally, the amount of damages to be awarded to the plaintiffs for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what is reasonable compensation (*see,* CPLR 5501 [c]; *Sescila v Garine,* 225 AD2d 684).

The evidence adduced at the trial established that, as a result of the accident, the plaintiff Maria Ramos suffered an injury to her left knee, which resulted in arthroscopic surgery and removal of 30% of her knee cartilage. The defendant-respondent's doctor noted that Maria Ramos "limped a little on her left leg". The plaintiffs also adduced evidence that Maria Ramos'

injury was permanent. We conclude that, based upon the evidence of the permanency of the injury and its effect upon Maria Ramos, the jury's verdict as to her damages deviated from what would be reasonable compensation to the extent indicated (*see, Henson v Stefunek,* 129 AD2d 772).

However, with respect to the plaintiff Mercedes Ramos, the expert witnesses acknowledged that her back condition was not necessarily related to the accident, and was at least partially attributable to a preexisting degenerative condition. In light of that evidence, it cannot be said that the jury's award deviates materially from what is reasonable compensation. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.