■ ANN F. ARINK, Respondent-Appellant, v JOSEPH E. MORRELL et al., Appellants-Respondents. [740 NYS2d 645] —In an ac-

tion to recover damages for personal injuries, the defendants Joseph E. Morrell and Stephen J. Hager separately appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 17, 2000, which granted the plaintiff's oral motion to set aside the jury verdict as against the weight of the evidence to the extent of directing a new trial on the issue of past pain and suffering unless they stipulated to increase those damages from $37,500 to $100,000; and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as, in effect, denied that branch of her oral motion which was to set aside the jury verdict awarding her no damages for future pain and suffering.

Ordered that on the Court's own motion, the parties' notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, and the plaintiff's motion is granted only to the extent of setting aside the verdict regarding future pain and suffering and a new trial on that issue only is ordered, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering from the sum of zero dollars to the sum of $25,000; in the event that the defendants so stipulate, then the order, as amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Considering the nature and extent of plaintiff's injuries, the award of $37,500 for past pain and suffering does not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Ramos v Ramos, 234 AD2d 439). However, the award of zero damages for future pain and suffering is inadequate to the extent indicated herein. Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.