■ DONALD KRAVITZ et al., Appellants, v CITY OF NEW YORK et al., Respondents. [751 NYS2d 757] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered May 16, 2001,

as, upon a jury verdict finding the plaintiff Donald Kravitz 17% at fault in the happening of the accident and the defendants 83% at fault in the happening of the accident, awarded the plaintiff Donald Kravitz the principal sum of only $216,000 ($10,000 for past pain and suffering, $15,000 for future pain and suffering, $20,000 for future medical expenses, $150,000 for past lost earnings, and $21,000 for future lost earnings), and awarded the plaintiff Francine Kravitz the principal sum of only $15,000 ($5,000 for past loss of services and $10,000 for future loss of services).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached by any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129). "[T]he determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile,* 224 AD2d 586, 587). In this case, since conflicting evidence was presented at trial, the jury reasonably could have concluded that the majority of the injuries of the plaintiff Donald Kravitz resulted from preexisting conditions.

The plaintiffs' contention that the jury verdict on damages was inadequate is without merit. The amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (*see Mogil v Gorgone,* 225 AD2d 674). Moreover, issues regarding credibility of witnesses and accuracy of testimony are for a jury to determine, and its verdict should not be upset if it could have been reached by any fair interpretation of the evidence (*see Policastro v Savarese,* 171 AD2d 849), especially where conflicting medical evidence is adduced at trial (*see Maldonado v WABC Towing Corp.,* 121 AD2d 517). Only where the award "deviates materially from what would be reasonable compensation" is a new trial to be granted (*see* CPLR 5501 [c]; *Mogil v Gorgone, supra*). There was ample evidence presented at trial that Donald Kravitz suffered from a preexisting condition with regard to his knees and back, both of which were operated on before his accident. Therefore, it cannot be said that the jury award deviates materially from what would be reasonable compensation (*see Ramos v Ramos,* 234 AD2d 439, 441).

The plaintiffs' remaining contention is without merit. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.