■ KENNETH WALTERS, Appellant, v GEORGE NICKLIN et al., Respondents. [814 NYS2d 735]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 30, 2004, as, upon renewal, denied his motion, inter alia, to set aside the jury award as inadequate.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of May 24, 2001 a car owned by the defendant George Nicklin and driven by the defendant Katherine A. Nicklin collided with the plaintiff's unmarked patrol car at an intersection in Garden City. The plaintiff, a police officer, sustained injuries to his neck, knee, back, and hand. Following the liability phase of a bifurcated trial, the jury determined that the defendant driver violated Vehicle and Traffic Law § 1142 (a) and that such violation had "a practical and reasonable connection to the accident." In accordance with the strict liability imposed under General Municipal Law § 205-e, the jury was not permitted to reach the issue of the plaintiff's possible negligence. Following the damages phase of the trial, the jury found that the plaintiff had not established that he sustained a permanent consequential limitation of use of a body organ or member, although he did sustain a significant limitation of use of a body function or system. The jury awarded the plaintiff the sums of $50,000 for past pain and suffering, $20,500 for past lost earnings, and $25,000 for future pain and suffering over a period of five years, but awarded no damages for future lost earnings.

Contrary to the plaintiff's contentions, the jury award was

not against the weight of the evidence. The plaintiff's main physical complaints following the accident were problems with his neck and right knee which eventually necessitated arthroscopic surgery to reconstruct his anterior cruciate ligament. However, all of the testimony, including the plaintiff's own and that of his medical experts, indicated that the plaintiff had sustained neck and knee injuries before the accident, and had undergone two prior arthroscopic surgeries on the menisci in his right knee. Moreover, the plaintiff had been informed, as early as 1994, that his anterior cruciate ligament was almost completely torn and should be reconstructed. Accordingly, the jury could reasonably have concluded that the majority of the plaintiff's injuries resulted from preexisting conditions (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Kravitz v City of New York,* 300 AD2d 362 [2002]; *cf. Ciatto v Lieberman,* 1 AD3d 553 [2003]). Moreover, conflicts in the medical testimony were properly left to the jury to resolve (*see Voiclis v International Assn. of Machinist & Aerospace Workers, Suffolk Lodge No. 1470,* 239 AD2d 339 [1997]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Miller, Adams and Skelos, JJ., concur.