■ MARIE C. VAVAL, Appellant, v NYRAC, INC., et al., Respondents. [818 NYS2d 237]—

In an action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Satterfield, J.), entered October 6, 2004, which, upon a jury verdict awarding the plaintiff the sum of $22,000 for past pain and suffering and the sum of $8,300 for future pain and suffering, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of her and against the defendants in the principal sum of only $30,300.

Ordered that the judgment is affirmed, with costs.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached by any fair interpretation of the evidence" (*Kravitz v City of New York,* 300 AD2d 362, 363 [2002]). In this case, since conflicting evidence was presented at trial, the jury reasonably could have concluded that the plaintiff's injuries resulted, in part, from pre-existing conditions.

The plaintiff's contention that the jury verdict on damages was inadequate is without merit. The amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (*see Mogil v Gorgone,* 225 AD2d 674 [1996]). Moreover, issues regarding credibility of witnesses and accuracy of testimony are for a jury to determine and its verdict should not be set aside if it could be reached by any fair interpretation of the evidence (*see Policastro v Savarese,* 171 AD2d 849 [1991]), especially where conflicting medical testimony is adduced at trial (*see Maldonado v WABC Towing Corp.,* 121 AD2d 517 [1986]). Only where the award "deviates materially from what would be reasonable compensation" is a new trial on damages to be granted (CPLR 5501 [c]; *see Mogil v Gorgone, supra*). There was ample evidence presented at trial that the plaintiff suffered from a pre-existing condition with regard to her lower back and that surgery had been recommended before the present accident. Therefore, it cannot be said that the jury award deviated materially from what would be reasonable compensation (*see Ramos v Ramos,* 234 AD2d 439 [1996]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.