SECOND DEPARTMENT, DECEMBER, 2007

(December 4, 2007)

■ MELISSA BALLAS, Respondent, v OCCUPATIONAL AND SPORTS MEDICINE OF BROOKHAVEN, P.C., et al., Appellants, et al., Defendant. [846 NYS2d 664]—In an action to recover damages for medical malpractice, the defendants Occupational and Sports Medicine of Brookhaven, P.C., and Edward A. Beller, P.C., separately appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated March 27, 2006, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside, as against the weight of the evidence and on the ground of inadequacy, a jury verdict awarding the plaintiff damages in the sum of only $37,500.

Ordered that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion to set aside the jury verdict on the issue of damages is denied.

The trial court's discretionary authority to set aside a jury verdict as against the weight of the evidence under CPLR 4404 (a) is to be exercised with considerable caution (*see Nicastro v Park*, 113 AD2d 129, 133 [1985]). It is properly invoked only when the jury could not have reached the verdict on any fair interpretation of the evidence (*see Vaval v NYRAC, Inc.*, 31 AD3d 438 [2006]). Here, upon review of the trial record, we find that the jury reached its verdict upon a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Given the conflicting experts' opinions and the plaintiff's subsequent accidents and other conditions, it cannot be said that the damages award deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Vaval v*

*NYRAC, Inc.*, 31 AD3d 438 [2006]; *Ashton v Bobruitsky*, 214 AD2d 630, 632 [1995]).

The appellants' remaining contentions have been rendered academic in light of our determination. Goldstein, J.P., Skelos, Fisher and Dillon, JJ., concur.