In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated August 6, 2007, which, upon a jury verdict on the issue of liability finding the defendant 70% at fault in the happening of the accident and the plaintiff Dilraj Batchu 30% at fault, and upon a jury verdict on the issue of damages finding that the plaintiff Dilraj Batchu sustained damages in the principal sums of $40,000 for past lost earnings, $10,000 for past pain and suffering, and $15,000 for past medical expenses, and upon the denial of their motion pursuant to CELR 4404 (a) to set aside the jury verdict as against the weight of the evidence and as inadequate and for a new trial, is in favor of them and against the defendant in the principal sum of only $45,000.
Ordered that the judgment is affirmed, with costs.
*403 The plaintiffs’ contention that the jury verdict on the issue of damages was against the weight of the evidence, inconsistent, and inadequate are without merit. “The amount of damages awarded for personal injuries is primarily a question of fact for the jury” (Vaval v NYRAC, Inc., 31 AD3d 438, 438 [2006]). “Moreover, issues regarding credibility of witnesses and accuracy of testimony are for a jury to determine, and its verdict should not be set aside if it could have been reached by any fair interpretation of the evidence” (id., citing Policastro v Savarese, 171 AD2d 849 [1991]), “especially where conflicting [evidence] is adduced at trial” (Vaval v NYRAC, Inc., 31 AD3d at 438, citing Maldonado v WABC Towing Corp., 121 AD2d 517 [1986]). A new trial on damages will only be granted where the award “deviates materially from what would be reasonable compensation” (CPLR 5501 [c]; Kravitz v City of New York, 300 AD2d 362, 363 [2002]). Since conflicting evidence was presented at trial, the jury reasonably could have concluded that the majority of the plaintiff Dilraj Batchu’s injuries resulted from preexisting conditions with regard to his hack and sexual dysfunction (see Burgos v Lovell Realty, 229 AD2d 558 [1996]). Thus, “it cannot be said that the damages award deviated materially from what would be reasonable compensation” (Balias v Occupational & Sports Medicine of Brookhaven, PC., 46 AD3d 498, 498 [2007]; see Vaval v NYRAC, Inc., 31 AD3d at 438).
The plaintiffs’ request for a missing witness charge with respect to Dr. Burton Diamond was properly denied since his testimony would merely have been cumulative (see Levande v Dines, 153 AD2d 671 [1989]; Getlin v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 117 AD2d 707, 708-709 [1986]). Florio, J.P, Angiolillo, McCarthy and Chambers, JJ., concur.