Ortega v Healthcare Servs. Group, Inc. (2018 NY Slip Op 07568)





Ortega v Healthcare Servs. Group, Inc.


2018 NY Slip Op 07568


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1046 CA 17-02152

[*1]ROSE ORTEGA AND RAYMOND ORTEGA, PLAINTIFFS-RESPONDENTS,
v
HEALTHCARE SERVICES GROUP, INC., DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (LAURA C. DOOLITTLE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered April 7, 2017. The order, insofar as appealed from, granted the motion of plaintiffs to set aside a jury verdict. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied and the jury verdict is reinstated.
Memorandum: Plaintiffs commenced this action seeking damages for injuries Rose Ortega (plaintiff) allegedly sustained as a result of a slip and fall that occurred at a facility, which was maintained by defendant. Following the damages phase of a bifurcated trial, the jury awarded plaintiff $4,200 for past pain and suffering, $3,300 for past lost wages, and $2,500 for past medical expenses. Plaintiffs moved to set aside the verdict as against the weight of the evidence on the issue of damages, and for a new trial thereon (see CPLR 4404 [a]). Defendant appeals from an order that, inter alia, granted the motion and ordered a new trial on damages unless defendant stipulated to increase the award for past pain and suffering to $300,000, for past lost wages to $40,000, and for past medical expenses by an amount "reflecting the cost of medical treatment that plaintiff received following the slip and fall accident in regard to her cervical spine and right shoulder." We agree with defendant that Supreme Court erred in granting the motion, and we therefore reverse the order insofar as appealed from, deny the motion, and reinstate the verdict.
A trial court's "discretionary authority to set aside a jury verdict as against the weight of the evidence under CPLR 4404 (a) is to be exercised with considerable caution" (Ballas v Occupational & Sports Medicine of Brookhaven, P.C., 46 AD3d 498, 498 [2d Dept 2007], lv dismissed 10 NY3d 803 [2008], lv denied 12 NY3d 702 [2009]). It is well settled that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]; see McGregor v Permclip Prods. Corp., 162 AD3d 1555, 1556 [4th Dept 2018]). Here, the central issue at the damages trial was whether plaintiff's claimed shoulder and cervical spine injuries were causally related to the subject fall, or if they resulted from unrelated prior motor vehicle accidents or other unrelated incidents or conditions. Given the conflicting evidence on that issue, plaintiff's selective and incomplete disclosure of her health history to her healthcare providers and the examining physicians, and her inability to recall prior accidents and injuries during cross-examination, we conclude that the verdict on damages is not against the weight of the evidence because a fair interpretation of the evidence supports the jury's determination that plaintiff's shoulder and cervical spine injuries were unrelated to the subject fall and that the only injury sustained by plaintiff in the fall was a knee sprain.
In light of our determination, we do not reach defendant's remaining contentions.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court