Murphy v Ford (2019 NY Slip Op 04708)





Murphy v Ford


2019 NY Slip Op 04708


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-11123
 (Index No. 52508/14)

[*1]Barbara Murphy, appellant,
v
Craig Ford, respondent.


The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and H.P. Sean Dweck of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 26, 2017. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages for past and future pain and suffering as inadequate and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
The plaintiff was injured when her vehicle was struck by the defendant's vehicle. After a jury trial on the issue of damages for past and future pain and suffering, the jury returned a verdict awarding the plaintiff damages in the principal sums of $250,000 for past pain and suffering and $111,500 for future pain and suffering. Although the verdict sheet stated that the award for future pain and suffering was for one year, the amount of $111,500 was apparently derived from a formula argued by the defendant of $5,000 per year for the plaintiff's life expectancy of 22.3 years. No objection was raised to the verdict before the jury was discharged.
The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as inadequate and for a new trial on the issue of damages, arguing that the award of damages deviated materially from what constituted reasonable compensation. The Supreme Court denied the motion, and plaintiff appeals.
The amount of damages awarded for personal injuries is primarily a question of fact for the jury, as are issues of credibility (see Vaval v NYRAC, Inc., 31 AD3d 438, 438). In this case, conflicting evidence was presented at trial, including evidence that the plaintiff suffered from a preexisting back injury that required pain medication, from which the jury could infer that much of the plaintiff's pain and suffering was attributable to her preexisting condition (see Batchu v 5817 Food Corp., 56 AD3d 402, 403). Under the circumstances of this case, "it cannot be said that the jury award deviated materially from what would be reasonable compensation" (Vaval v NYRAC, Inc., 31 AD3d at 438; see CPLR 5501[c]).
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court