Smith v City of New York (2020 NY Slip Op 00450)





Smith v City of New York


2020 NY Slip Op 00450


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-08139
 (Index No. 702002/12)

[*1]Charles Smith, appellant, 
v
City of New York, et al., respondents (and a third-party action).


Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.
Lebowitz, Oleske, Connahan & Kassar, New York, NY (Jerald F. Oleske of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered July 7, 2016. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the total sum of only $1,496,449.80.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, a journeyman plumber, was working on the construction of a waste transfer station when he fell from a ladder and onto the deck below. As a result of the fall, the plaintiff allegedly sustained a herniated cervical disc, as well as other injuries to his lower back and the cervical region of his spine.
The plaintiff commenced this action against the defendants, City of New York, City of New York Department of Sanitation, and Prismatic Development Corp., the general contractor for the project on which the plaintiff was working, to recover damages for personal injuries sustained in the accident. The Supreme Court granted the plaintiff's unopposed motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The action thereafter proceeded to a trial on the issue of damages.
After the trial, the jury awarded the plaintiff past and future damages for pain and suffering, lost earnings, and medical expenses. The Supreme Court denied the plaintiff's motion to set aside the verdict as contrary to the weight of the evidence, but reduced the award for future lost earnings pursuant to CPLR 4545(a). Subsequently, the court entered a judgment in favor of the plaintiff and against the defendants in the total sum of $1,496,449.80. The plaintiff appeals, arguing, inter alia, that the award for pain and suffering was inadequate.
Although the amount of damages to be awarded for personal injuries is primarily a question for the jury, a jury's award may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983; Kayes v Liberati, 104 AD3d 739, 741). Contrary to the plaintiff's contention, given the conflicting expert opinions and the evidence regarding the plaintiff's prior injuries and physical condition, it [*2]cannot be said that the jury's award for pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501[c]; Ballas v Occupational & Sports Medicine of Brookhaven, P.C., 46 AD3d 498, 498).
The plaintiff's contention that the damages verdict was inconsistent is unpreserved for appellate review, as he failed to raise this issue before the jury was discharged (see Iovino v Kaplan, 145 AD3d 974, 978).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court