Martinez v Coca-Cola Refreshments USA, Inc. (2020 NY Slip Op 06114)





Martinez v Coca-Cola Refreshments USA, Inc.


2020 NY Slip Op 06114


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-12571
 (Index No. 22192/12)

[*1]Andy Martinez, respondent, 
v
Coca-Cola Refreshments USA, Inc., et al., appellants, et al., defendant.


Clyde & Co US LLP, New York, NY (Christopher Carlsen of counsel), for appellants.
Nicholas Bgley Schwartz & Blumenstein (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Coca-Cola Refreshments USA, Inc., and Alejandro DeJesus appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 6, 2017. The order granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside, as inadequate and as contrary to the weight of the evidence, a jury verdict on the issue of damages awarding him the principal sum of $50,000 for past pain and suffering and the principal sum of $100,000 for future pain and suffering, to the extent of ordering a new trial on the issue of damages unless those defendants stipulated to increase the award for past pain and suffering to the principal sum of $300,000 and the award for future pain and suffering to the principal sum of $500,000.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion to set aside the jury verdict on the issue of damages is denied.
The plaintiff commenced this action to recover damages for personal injuries, alleging that he was a passenger in a vehicle that was struck in the rear by a delivery truck owned by the defendant Coca-Cola Refreshments USA, Inc., and operated by the defendant Alejandro DeJesus (hereinafter together the defendants). The action proceeded to trial, where a jury rendered a verdict in favor of the plaintiff and against the defendants. The jury awarded the plaintiff the principal sums of $50,000 and $100,000 for past and future pain and suffering, respectively. The Supreme Court subsequently granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside, as inadequate and as contrary to the weight of the evidence, the jury verdict as to damages, and ordered a new trial unless the defendants agreed to stipulate to increase the awards for past and future pain and suffering to the principal sums of $300,000 and $500,000, respectively. The defendants appeal.
"Although the amount of damages to be awarded for personal injuries is primarily a question for the jury, a jury's award may be set aside if it deviates materially from what would be reasonable compensation" (Smith v City of New York, 179 AD3d 967, 968). "The discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution" (Larkin v Wagner, 170 AD3d 1145, 1147 [internal quotation marks omitted]; see Ballas v [*2]Occupational & Sports Medicine of Brookhaven, P.C., 46 AD3d 498). "Where the parties present conflicting expert testimony, the jury is entitled to accept one expert's opinion and reject that of another expert, and its resolution of the conflicting testimony is entitled to great weight on appeal" (Lewis v Vertex Constr. Corp., 170 AD3d 990, 991). The jury's resolution of credibility issues is entitled to deference (see Canale v Khananayev, 173 AD3d 965, 966).
Here, conflicting evidence was presented at trial regarding the plaintiff's physical condition prior to the accident, from which the jury could infer that much of the plaintiff's pain and suffering was attributable to his preexisting condition (see Murphy v Ford, 173 AD3d 882, 883). Moreover, the defendants presented evidence of subsequent accidents that may have contributed to the plaintiff's injuries. The jury may have determined that the subject accident was not the cause of one or more of the plaintiff's injuries. Given the conflicting expert opinions and evidence, it cannot be said that the damages award deviated materially from what would be reasonable compensation or that the verdict was contrary to the weight of the evidence (see Smith v City of New York, 179 AD3d 967; Murphy v Ford, 173 AD3d at 883; Ballas v Occupational & Sports Medicine of Brookhaven, P.C., 46 AD3d at 498).
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court