Pecoraro v Tribuzio (2023 NY Slip Op 00104)

Pecoraro v Tribuzio

2023 NY Slip Op 00104

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-13212
2019-13304
 (Index No. 3792/15)

[*1]Toni Marie Pecoraro, appellant, 
v
Lucio Tribuzio, respondent.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia Raicus of counsel), for appellant.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated September 16, 2019, and (2) an amended judgment of the same court entered September 17, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 4404(a) for an additur to the award of damages for future pain and suffering and future medical expenses, or, in the alternative, to set aside the verdict on the issue of those damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages. The amended judgment, upon the jury verdict and the order, is in favor of the plaintiff and against the defendant in the total sum of only $25,025.67.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review on the appeal from the amended judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell on ice on steps at the defendant's premises. After trial, a jury returned a verdict awarding the plaintiff, inter alia, the principal sum of only $1,100 for future pain and suffering and no damages for future medical expenses. The plaintiff moved pursuant to CPLR 4404(a) for an additur to the award of damages for future pain and suffering and future medical expenses, or, in the alternative, to set aside the verdict on the issue of those damages as inadequate and contrary to the weight of the evidence and for a new trial on the issue of those damages. The Supreme Court denied the motion. The plaintiff appeals.
A jury verdict may not be set aside as against the weight of the evidence unless "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached [*2]on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Killon v Parrotta, 28 NY3d 101, 107). Further, while the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference (see Chung v Shaw, 175 AD3d 1237, 1239; Vainer v DiSalvo, 107 AD3d 697, 698), a jury award may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Martinez v Coca-Cola Refreshments USA, Inc., 187 AD3d 1170, 1171; Smith v City of New York, 179 AD3d 967, 968). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution" (Larkin v Wagner, 170 AD3d 1145, 1147 [internal quotation marks omitted]; see Ballas v Occupational & Sports Medicine of Brookhaven, P.C., 46 AD3d 498). "Where the parties present conflicting expert testimony, the jury is entitled to accept one expert's opinion and reject that of another expert, and its resolution of the conflicting testimony is entitled to great weight on appeal" (Lewis v Vertex Constr. Corp., 170 AD3d 990, 991; see Calpo-Rivera v Brady, 163 AD3d 910, 911).
Here, conflicting evidence was presented at trial regarding the plaintiff's physical condition prior to the accident, from which the jury could infer that much of the plaintiff's pain and suffering was attributable to injuries she sustained in other, prior accidents and to her preexisting degenerative conditions, and that the plaintiff did not have any future medical expenses as a result of the subject accident (see Murphy v Ford, 173 AD3d 882, 883). Given the conflicting expert opinions and evidence, it cannot be said that the damages award deviated materially from what would be reasonable compensation or that the verdict was contrary to the weight of the evidence (see Martinez v Coca-Cola Refreshments USA, Inc., 187 AD3d at 1172; Smith v City of New York, 179 AD3d at 968; Murphy v Ford, 173 AD3d at 883).
The plaintiff's remaining contention is improperly raised for the first time on appeal and, therefore, not properly before the Court (see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1294, 1296).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court