Abedin v Osorio (2023 NY Slip Op 02481)

Abedin v Osorio

2023 NY Slip Op 02481

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-06791
 (Index No. 700110/15)

[*1]Zainul Abedin, etc., et al., respondents,
v
Mauricio E. Palominos Osorio, et al., defendants, Roadtex Transportation Corp., appellant.

Frank A. Polacco & Associates, PLLC (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Timothy R. Capowski, John F. Watkins, and Joseph J. Beglane], of counsel), for appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Christopher J. Donadio of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the defendant Roadtex Transportation Corp. appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 26, 2020. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the cause of action asserted by the infant plaintiff N. N. to recover future medical expenses insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 20, 2013, a tractor trailer struck eight-year-old Noshat N. (hereinafter the decedent), resulting in his death. At the time of the accident, the decedent was crossing a street with his sister (hereinafter the infant plaintiff), who was then 10 years old. In January 2015, the infant plaintiff, by her mother and natural guardian, among others, commenced the instant action against, among others, the defendant Roadtex Transportation Corp. (hereinafter Roadtex), the entity that owned the trailer portion of the tractor trailer involved in the accident. The infant plaintiff sought to recover damages for injuries she allegedly sustained while in the "zone of danger" of the accident. The infant plaintiff also sought future medical expenses. Roadtex moved for summary judgment dismissing the cause of action asserted by the infant plaintiff to recover damages for future medical expenses insofar as asserted against it. Roadtex contended that an award of future medical expenses would be speculative and that economic damages are not permitted in cases where a bystander plaintiff asserts that he or she was in the "zone of danger" of an accident. The Supreme Court, inter alia, denied Roadtex's motion. Roadtex appeals.
As the party seeking summary judgment, Roadtex had the burden of establishing its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Here, Roadtex failed to meet its burden of showing that economic damages are not permitted in "zone of danger" type cases (see generally Simon v Granite Bldg. 2, LLC, 170 AD3d 1227).
Moreover, Roadtex failed to establish, prima facie, that an award of future medical expenses would be speculative. "'Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Tarpley v New York City Tr. Auth., 177 AD3d 929, 933, quoting Quijano v American Tr. Ins. Co., 155 AD3d 981, 983 [internal quotation marks omitted]; see Wynter v Transdev Servs., Inc., 207 AD3d 785, 787). Evidence submitted at trial that is purely speculative does not support an award of damages for future medical expenses (see Starkman v City of Long Beach, 148 AD3d 1070, 1072; Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974). Here, a trial has not yet taken place nor has there been any award of future medical expenses to the infant plaintiff.
Since Roadtex failed to meet its initial burden as movant, the Supreme Court properly denied its motion for summary judgment dismissing the cause of action asserted by the infant plaintiff to recover future medical expenses insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court