Usoiani v Dumbo Moving & Stor., Inc. (2025 NY Slip Op 04811)

Usoiani v Dumbo Moving & Stor., Inc.

2025 NY Slip Op 04811

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-00727
2022-03595
 (Index No. 507010/17)

[*1]Paata Usoiani, et al., respondents, 
v
Dumbo Moving & Storage, Inc., et al., appellants, et al., defendant.

Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for appellants.
Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri appeal from (1) a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated January 13, 2022, and (2) a judgment of the same court also dated January 13, 2022. The first judgment, insofar as appealed from, upon an order of the same court (Devin P. Cohen, J.) dated May 6, 2020, inter alia, granting the plaintiffs' cross-motion for summary judgment on the issue of liability against the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri, upon a jury verdict on the issue of damages, and upon an order of the same court (Dawn Jimenez-Salta, J.) dated September 30, 2021, among other things, denying those branches of those defendants' motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded the plaintiff Paata Usoiani the sum of $2,020,000 for future pain and suffering and for judgment as a matter of law dismissing the claim for those damages, or, in the alternative, to set aside so much of the jury verdict as was in favor of the plaintiff Paata Usoiani and against those defendants, in effect, in the interest of justice and for a new trial on the issue of damages, or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff Paata Usoiani the sum of $2,020,000 for future pain and suffering as contrary to the weight of the evidence and as excessive and for a new trial on the issue of those damages, or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff Paata Usoiani the sums of $80,000 for past medical expenses and $150,000 for future medical expenses as contrary to the weight of the evidence and for a new trial on the issue of those damages, or, in the alternative, pursuant to CPLR 4545 for a collateral source hearing, is in favor of the plaintiff Paata Usoiani and against those defendants in the principal sum of $3,224,863.22. The second judgment, insofar as appealed from, upon the order dated May 6, 2020, inter alia, granting the plaintiffs' cross-motion for summary judgment on the issue of liability against the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri, upon a jury verdict on the issue of damages, and upon the order dated September 30, 2021, among other things, denying those branches of those defendants' motion which were pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded the plaintiff Vitalii Kasoev the sum of $2,150,000 for future pain and suffering and for judgment as a matter of law dismissing the claim for those damages, or, in the alternative, to set aside so much of the jury verdict as was in favor of the plaintiff Vitalii Kasoev and against those defendants, in effect, in the interest of justice and for a new trial on [*2]the issue of damages, or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff Vitalii Kasoev the sum of $2,150,000 for future pain and suffering as contrary to the weight of the evidence and as excessive and for a new trial on the issue of those damages, or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff Vitalii Kasoev the sums of $50,000 for past medical expenses and $50,000 for future medical expenses as contrary to the weight of the evidence and for a new trial on the issue of those damages, or, in the alternative, pursuant to CPLR 4545 for a collateral source hearing, is in favor of the plaintiff Vitalii Kasoev and against those defendants in the principal sum of $3,185,827.31.
ORDERED that the first judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff Paata Usoiani damages for future pain and suffering; as so modified, the first judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the motion of the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri which was pursuant to CPLR 4404(a) to set aside, as excessive, so much of the jury verdict as awarded the plaintiff Paata Usoiani the sum of $2,020,000 for future pain and suffering is granted, the order dated September 30, 2021, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff Paata Usoiani of a copy of this decision and order with notice of entry, the plaintiff Paata Usoiani serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for future pain and suffering from the principal sum of $2,020,000 to the principal sum of $1,500,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Paata Usoiani so stipulates, then the first judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,
ORDERED that the second judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff Vitalii Kasoev damages for future pain and suffering; as so modified, the second judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the motion of the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri which was pursuant to CPLR 4404(a) to set aside, as excessive, so much of the jury verdict as awarded the plaintiff Vitalii Kasoev the sum of $2,150,000 for future pain and suffering is granted, the order dated September 30, 2021, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff Vitalii Kasoev of a copy of this decision and order with notice of entry, the plaintiff Vitalii Kasoev serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for future pain and suffering from the principal sum of $2,150,000 to the principal sum of $1,500,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Vitalii Kasoev so stipulates, then the second judgment, as so reduced and amended, is affirmed, without costs or disbursements.
The plaintiffs were injured as a result of a motor vehicle accident in which a box truck owned by the defendant Dumbo Moving and Storage, Inc. (hereinafter Dumbo), and driven by the defendant Shalva Kunelauri (hereinafter together the appellants) backed into a vehicle driven by the defendant Roland Matoyan, in which the plaintiffs were passengers. The plaintiffs commenced this action and subsequently cross-moved for summary judgment on the issue of liability against the appellants. The Supreme Court granted the cross-motion. A trial was subsequently held on the issue of damages.
The Supreme Court properly granted the plaintiffs' cross-motion for summary judgment on the issue of liability against the appellants. In support of the cross-motion, the plaintiffs demonstrated, prima facie, that Kunelauri's negligence in backing the truck into Matoyan's stopped vehicle without taking any precautions, violated a standard of care set forth in Vehicle and Traffic Law § 1211(a), constituting negligence per se (see Dieubon v Moore, 229 AD3d 686, 687). In opposition, the appellants failed to raise a triable issue of fact (see Usoiani v Dumbo Moving & [*3]Storage, Inc., _____ AD3d _____ [Appellate Division Docket Nos. 2020-03849, 2020-04431; decided herewith]).
During the trial, the appellants did not object to the Supreme Court's directive to the jury to conduct further deliberations and acquiesced in the procedure employed by the court. Therefore, the appellants' challenge to that procedure on appeal is not properly before this Court (see CPLR 4017, 5501[a][3]). Contrary to the appellants' contention, the jury was not precluded from awarding damages for future pain and suffering because it did not find a permanent consequential limitation of a body function or system and, rather, found a significant limitation of use of a body function or system. It would have been error for the Supreme Court to instruct the jury that it could only award damages for future pain and suffering upon a finding that the plaintiffs sustained a permanent injury (see Gallagher v Samples, 6 AD3d 659, 660; Rizzo v DeSimone, 6 AD3d 600, 601). "The failure to award any amount for future damages cannot be reconciled with the jury's findings that the plaintiff sustained a significant limitation of use of a body function or system" (Sescila v Garine, 225 AD2d 684, 685). Once a prima facie case of serious injury has been established and the trier of fact determines that a serious injury has been sustained, the plaintiff is entitled to recover for all injuries incurred as a result of an accident (see Rizzo v DeSimone, 6 AD3d at 601; Prieston v Massaro, 107 AD2d 742, 743-744). A permanent injury is not excluded from the definition of "significant limitation" (Bellamy v Kaplan, 309 AD2d 583, 583; see Preston v Young, 239 AD2d 729, 732).
The amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference. However, an award may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Mujica v Nassau County Corr. Facility, 231 AD3d 1046; Pecoraro v Tribuzio, 212 AD3d 646, 647). As the amount of an award for pain and suffering is a subjective determination that cannot be precisely quantified, whether there is a material deviation is determined by examining comparable cases. This analysis also requires consideration of factors such as the nature and extent of the injuries, the degree of past, present, and future pain, and the permanency of the injury (see Mujica v Nassau County Corr. Facility, 231 AD3d 1046; Ciuffo v Mowery Constr., Inc., 107 AD3d 1195, 1197).
In this case, both plaintiffs required spinal surgery involving damaged discs. Kasoev underwent spinal fusion surgery in the lower back. Kasoev was unable to perform activities he used to enjoy, such as soccer and running, he could not lift heavy items, and he suffered pain, which he treated with over-the-counter pain medication twice a day. Usoiani had surgery on his cervical spine and on his knee. He still had pain in his neck and took medicine for it each day. Both plaintiffs would require future medical treatment.
Under the circumstances, and considering comparable awards, an award of $1,500,000 to each plaintiff for future pain and suffering constitutes reasonable compensation (see Nieva-Silvera v Katz, 195 AD3d 1035; Starkman v City of Long Beach, 148 AD3d 1070; cf. Pimenta v 1504 Cia, LLC, 197 AD3d 670).
The awards of damages for past and future medical expenses were supported by competent evidence in the record (see Abedin v Osorio, 216 AD3d 708, 709; Wynter v Transdev Servs., Inc., 207 AD3d 785, 787).
The appellants' remaining contentions are without merit.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court